[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 365.]

THE STATE OF OHIO, APPELLEE, *v*. WEBB, APPELLANT.

[Cite as *State v. Webb*, 1999-Ohio-274.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 98-1682—Submitted December 15, 1998—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Clermont County, No. CA91-08-053.

––––––––––––––––

{¶ 1} Appellant, Michael D. Webb, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} In 1991, Webb was convicted of aggravated murder and sentenced to death. The Court of Appeals for Clermont County affirmed his conviction and sentence. *State v. Webb* (May 24, 1993), Clermont App. No. CA91-08-053, unreported, 1993 WL 181988. We affirmed the court of appeals' judgment. *State v. Webb* (1994), 70 Ohio St.3d 325, 638 N.E.2d 1023. The Supreme Court of the United States denied certiorari on March 20, 1995. *Webb v. Ohio* (1995), 514 U.S. 1023, 115 S.Ct. 1372, 131 L.Ed.2d 227.

{¶ 3} On August 4, 1995, the Ohio Public Defender contracted with Keith A. Yeazel, who represents Webb in the instant matter, to "provide post-conviction legal representation" for Webb. However, it was not until May 1, 1998, that Yeazel filed Webb's App.R. 26(B) application in the court of appeals.[1] App.R. 26(B)(1)

––––––––––––––––

1. On April 20, 1998, the public defender specifically contracted with Yeazel to "[p]ursue a claim of ineffective assistance of appellate counsel" on Webb's behalf.

requires that an application to reopen be filed within ninety days from the journalization of the judgment, absent good cause for filing later.

{¶ 4} The App.R. 26(B) application alleged that Webb's appellate counsel had rendered ineffective assistance by failing to raise nine issues in the court of appeals. Although Webb acknowledged that his application was untimely, he claimed that good cause existed for the delay in filing because he had been represented by his original appellate counsel until March 20, 1995, and from then until April 20, 1998 "had [no] attorney to prepare an application to reopen his direct appeal."

{¶ 5} The court of appeals found that, inasmuch as he had been represented by Yeazel since August 4, 1995, Webb had failed to show good cause for not filing his application until 1998. The court further found that Webb's appellate counsel were not ineffective for failing to raise, on direct appeal, the issues discussed in the application. Accordingly, the court of appeals denied the application to reopen Webb's direct appeal. From that denial, Webb appeals as of right.

————————————

*Donald W. White*, Clermont County Prosecuting Attorney, and *David Henry Hoffmann*, Assistant Prosecuting Attorney, for appellee.

*Keith A. Yeazel*, for appellant.

————————————

*Per Curiam.*

{¶ 6} For the reasons stated in the court of appeals' Entry Denying Application for Reopening, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————